UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS RADFORD,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. EDCV 15-1723-KK<br><br><br>ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) |

## I.

## **INTRODUCTION**

Plaintiff Michael Thomas Radford's ("Plaintiff's") counsel, Young Cho of the Law Offices of Lawrence D. Rohlfing ("Counsel"), filed a Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"). The Motion seeks an award of $11,500.00 for representing Plaintiff in an action to obtain Title XVI Social Security Income ("SSI"), with a refund to Plaintiff of $1,500.00 for the Equal Access to Justice Act ("EAJA") fees previously awarded.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill as Defendant in the instant case.

The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court grants the Motion.

## II.

## **RELEVANT BACKGROUND**

On August 26, 2015, Plaintiff filed the complaint in this action. See ECF Docket No. ("Dkt.") 1, Compl. Plaintiff alleged the Acting Commissioner of Social Security ("Defendant") improperly denied Plaintiff's application for SSI. Id. at 2-3. On April 12, 2016, the parties filed a Stipulation to Voluntary Remand pursuant to Sentence Four of 42 U.S.C. § 405(g). Dkt. 21. On April 13, 2016, the Court entered Judgment remanding the case to Defendant for further administrative proceedings. Dkt. 23, Judgment.

On July 7, 2016, the Court approved the parties' Stipulation for Award of EAJA fees and awarded Counsel EAJA fees in the amount of $1,500.00. Dkt. 25, Order Granting EAJA Fees.

Thereafter, following further administrative proceedings, Plaintiff received a favorable decision awarding him $54,120.28 back-due SSI benefits. Dkt. 26 at 9-10, Declaration of Young Cho ("Cho Decl."), ¶ 3, Ex. 2, Notice of Decision; id. ¶ 4, Ex. 3, Notice of Award at 2.

On September 6, 2017, pursuant to 42 U.S.C. § 406(b), Counsel filed the instant Motion seeking the amount of $11,500.00 for representing Plaintiff in the underlying proceedings before the Court with an "order to reimburse Michael Thomas Radford the amount of $1,500.00 for EAJA fees previously paid by the Commissioner." Dkt. 26, Mot at 2. According to Counsel, 9.6 hours of attorney time were expended on Plaintiff's case. Cho Decl., Ex. 4, Itemized Hours. Counsel, therefore, seeks compensation pursuant to a contingency fee agreement stating Counsel's attorney's fees shall be "25% of the backpay awarded by the Social Security Administration to the claimant or such amount as the

2

Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00, whichever is smaller, upon successful completion of the case at or before a first hearing decision from an ALJ;" and "[i]f this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court." Id., Ex. 1, Contingency Fee Agreement. Counsel represents that, should the Court award the $11,500.00 fee requested, Counsel will not file any request for fees under 42 U.S.C. § 406(a) for time spent before the Administration. Dkt. 26, Mot. at 7; Cho Decl., ¶ 6.

On September 6, 2017, Counsel served the Motion on Plaintiff by mail, informing Plaintiff he had a right to file a response to the Motion. Dkt. 26, Mot. at 2, 11. Plaintiff failed to file a timely response.[2] On September 26, 2017, Defendant filed a Non-Opposition to the Motion stating the Commissioner "does not take a position on the reasonableness of the fee" and "has no objection to the § 406(b) fee request." Dkt. 27, Non-Opposition at 2, 4. Thus, the Court deems this matter submitted.

## III.
## DISCUSSION

**A. APPLICABLE LAW**

Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee

---

[2] Local Rule 7-12 provides "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to [Federal Rule of Civil Procedure] 56 may not be granted solely based on the failure to file an opposition." L.R. 7-12.

3

for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Thus, "a prevailing [disability] claimant's [attorney's] fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 792, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Section 406(b) "grants federal courts exclusive jurisdiction to award attorney's fees for representation of the claimant in court." Clark v. Astrue, 529 F.3d 1211, 1214 (9th Cir. 2008); see MacDonald v. Weinberger, 512 F.2d 144, 146 (9th Cir. 1975) (also noting exclusive jurisdiction); see also 42 U.S.C. § 406; 20 C.F.R. §§ 404.1728, 416.1528 (Administration will not consider any service an attorney provides for a claimant in state or federal court in determining fees to be paid for services performed before the Administration); Gisbrecht, 535 U.S. at 794-96 (discussing statute).[3]

Where a claimant entered into a contingent fee agreement with counsel, a court must apply Section 406(b) "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." Id. at 793. A court should not use a "lodestar method," under which a district court "determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). Rather, where the claimant and counsel entered into a lawful

---

[3] In Plaintiff's case, the ALJ did not approve of the fee agreement under Section 406(a)(2). See Cho Decl., Ex. 2 at 4 (order). Nonetheless, this Court has authority to award the requested fees under Section 406(b). See Chapa v. Astrue, 814 F. Supp. 2d 957, 960 (C.D. Cal. 2011) (granting motion for attorney's fees pursuant to Section 406(b) despite ALJ's disapproval of the fee agreement under Section 406(a)).

4

contingent fee agreement, courts that use the "lodestar" method as the starting point to determine the reasonableness of fees requested under Section 406(b) improperly "reject the primacy of lawful attorney-client fee agreements." Gisbrecht, 535 U.S. at 793. Thus, courts should not apply lodestar rules in cases where the claimant and counsel reached a contingent fee agreement because:

> [t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of [social security] claimants who need counsel to recover any past-due benefits at all.

Crawford, 586 F.3d at 1149.

However, even in contingency fee cases, a court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." Id. The court must examine "whether the amount need be reduced, not whether the lodestar amount should be enhanced." Id. The court may consider factors such as the character of the representation, the results achieved, the ratio between the amount of any benefits awarded and the time expended, and any undue delay attributable to counsel that caused an accumulation of back benefits in determining whether a lawful contingent fee agreement is reasonable. See Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1151.

**B.      ANALYSIS**

Here, Counsel seeks a reasonable fee under Section 406(b). Plaintiff retained Counsel to represent him in federal court in his appeal from the administrative denial of benefits, and agreed to pay Counsel a contingency fee of twenty-five percent of any past due benefits obtained. See Cho Decl., Ex. 1,

Contingency Fee Agreement. Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of the fee Counsel seeks.

The record discloses no issue regarding the quality or efficiency of Counsel's representation before this Court, or any misconduct or delay by Counsel. In a remand for further administrative proceedings, Counsel obtained a favorable outcome for Plaintiff, ultimately resulting in an award of past due benefits. See Judgment, Dkt. 23; Cho Decl., Ex. 2, Notice of Decision at 1; id., Ex. 3, Notice of Award at 1-2. Further, the 9.6 hours expended to litigate this case were reasonable and within the approved range for social security disability cases. See Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 & n.2 (C.D. Cal. 2000) ("[A] survey of several dozen cases in which attorney's fees were awarded in social security cases suggests that the 33.75 hours spent by plaintiff's counsel falls within the approved range.").

In addition, a fee of $11,500.00 based on 9.6 hours of attorney time is reasonable. See Cho Decl., Ex. 4, Itemized Hours. The Court finds Counsel's effective hourly rate of approximately $1,197.92 reasonable under the circumstances. Dkt. 26, Mot. at 6; see Villa v. Astrue, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving Section 406(b) fees exceeding $1,000.00 per hour, and noting "[r]educing [Section] 406(b) fees after Crawford is a dicey business"). Further, post-Gisbrecht decisions have approved contingent fee agreements yielding hourly rates greater than the rate Counsel seeks. See, e.g., Palos v. Colvin, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving fees amounting to $1,546.39 per hour); Daniel v. Astrue, 2009 WL 1941632, at *2-3 (C.D. Cal. July 2, 2009) (approving fees amounting to $1,491.25 per hour). Hence, in light of the hours Counsel expended, the Section 406(b) fee award amount Counsel requests does not represent an unfair windfall to Counsel.

Finally, nothing in the record suggests any overreaching in the making of the fee agreement or any impropriety on the part of Counsel in representing Plaintiff. Counsel assumed the risk of nonpayment inherent in a contingency agreement and

| | |
|---|---|
| 1 | Counsel's efforts proved successful for Plaintiff.  Accordingly, the Court finds the |
| 2 | Section 406(b) fees Counsel requests reasonable. |
| 3 | **IV.** |
| 4 | **<u>ORDER</u>** |
| 5 | Based on the foregoing, **IT IS HEREBY ORDERED**: (1) Counsel's Motion |
| 6 | for Attorney Fees Pursuant to 42 U.S.C. § 406(b) is **GRANTED**; and (2) |
| 7 | Defendant is directed to pay Counsel the sum of $11,500.00 with a reimbursement |
| 8 | to Plaintiff for EAJA fees previously awarded in the amount of $1,500.00. |
| 10 | Dated: September 26, 2017 |
| 11 | HONORABLE KENLY KIYA KATO<br>United States Magistrate Judge |